Judge Rowan
delivered the opinion of the court.
Bond purchased from Poindexter a small tract of land, at the price of two hundred dollars; one half thereof was paid down; for the balance he gave his bond to Poindexter, and took his obligation for the conveyance of the land. *593 Bond received possession of the land, and retains it. Poin-dexter assigned his bond to Hendricks, who brought suit and obtained judgment for the amount thereof. Bond filed bis bill in chancery, naming Poindexter and Hendricks therein as defendants, and enjoining Hendricks from proceeding upon his judgment at law against him. The answer of Hendricks was -pat in shortly after the bill was filed. Poindexter never answered. It does not appear that process was ever prayed or sued out, or ordered against him. No step was taken against him during eleven years, at the end of which time, the suit was tried as between Bond and Hendricks, upon the bill and answerof Hendricks, and exhibits and two depositions or affidavits taken by Hendricks. Bond had taken no testimony. The injunction was, by decree of tbe/court, dissolved, and the bill dismissed. To reverse which decree, Bond sued out this writ of error with supersedeas.
From the testimony in the cause, it is evident that Bond knew before he purchased, all the difficulties that existed in the title. He has aliedged -in his bill that he has not received a title, and that there are difficulties therein, which render it impracticable for Poindexter to convey. But what those difficulties are, he has not stated; or in whom the title is; or that Poindexter is insolvent. That there are difficulties, is admitted and proved: But the witnesses who speak of those difficulties, do not define them. They prove, however, that after he knew of those difficulties, and had been in the possession of the land for some time, when he executed the bond which was assigned by Poin-dexter to Hendricks; and that he afterwards told Hendricks that he was endeavoring to sell the land to raise money to pay off that bond: But that when Hendricks offered him his price for the land, to discount the amount of the bond aforesaid therein, and pay him the balance in cash, (which it is proved Hendricks did,) he refused. Bond has been in the undisturbed possession of the land for about eighteen ■years, and there is proof in the cause that his possession is connected with at least three anterior successive connected possessions. From the foregoing statement,'there can be but little doubt that the court decreed correctly in dissolving the injunction. Bond should either have prosecuted wdlb dili - gence, at least with reasonable dispatch, a suit in chancery against Poindexter and those connected with him in contract and title, respecting the said land, so as to remove tho *594 difficulties (whatever they were) from the title thereto, ami invest himself therewith; or he should have sued Poindex-ter for an equivalent for the land in damages, in an action' at law, upon his obligation for the title. Having done neither, the court coaid not da otherwise than dismiss his bill. Indeed the bill contains no specific allegations upon which a decree could be founded against Poindexter, if he had been a party thereto. We say parly — for the naming a person as defendant in a bill, does not per sc make him a party thereto — r-a decree therein against him, without service of process upon hum, would not bind bim-*-and yet a a decree is binding upon the parties to the suit in which it is pronounced. To make a person a party to a suit ⅛ chancery, there must be, in addition to his being named as such in the bill, an actual or constructive service of process upon him, or the process and service thereof, must be waived by his appearance, or some matter equivalent thereto. It is a general rule, that you are to look to the writ for the parr ties. And although there are some exceptions to this rule, there is nothing in this case which can take it out of the rule. If we are correct in this position, so much of the assignment of errors, as is predicated upon the supposition that Poindexter was a party to this suit, is without foundation in fact. It is «¡¡edged that it was irregular to try the cause and decree therein, until it was ready for trial as to Poindexter also. But this is alletlged by the very man whose duty it . was to have brought him before the court, and who alone could have done it, and who, during the eleven years pending of this suit, failed to do it, or to take any one step, or use any one effort, which could entitle him to favor in a court of chancery. Adelav of justice amounts, in many instances, to injustice. The plaintiff in this case is certainly the just subject of all the punishment which the law denounces against the most supinely negligent. This court cannot say, from any view which they have been able to take of this case, its aspect and circumstances, that the court below erred, except that the dismissal should have been without prejudice. The decree of dismissal, therefore, must be reversed, each party paying his own costs in this court. The cause to be remanded with directions that the dismissal be entered without prejudice.
Pope for plaintiff, Bibb for defendant in error.
A person Who ¡spray’d to be made a deft, in a bin in chancery, is not thereby a party, — to make him so process must issue and ser* vice either actual or con* sfructive must be had
A debtor enjoining a judgment be cause of a dispute m the title of the property, fn* the purchase of vhich the debt accru’d, must tue reasonable dispatch in preparing the cause, or the injunct ion fhcuid be <l:t solved.
From so much of this decree as directs a reversal^ Judge Rowan dissents.
An adm’r in Maryland having settled his account with the orphan’s court, charged himseli w;th the ¡¡laves at valuation, and paid the a-tnount to creditors and distri butees, after a long possession, v/ill be protected in possession of tiie slaves (she case being wholly untin-gej with ira-.nl) even loo’ tiie orphan's court ¡nay have exceeded their powerinpass- ) igthe slaves to tiie administrator.
must be pri Fraud cai Üot be pn «urned — it
A settle-doubtful" claim will not t <i‘*luiil)e<1 of the case ⅜⅛-e known,